[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13431
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cv-00360-MHT-CSC

LEARONARDO TRUSS,

Plaintiff-Appellant,

versus

WARDEN,
CHARLES MCKEE,
LEON BOLLING,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 4, 2017)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Learonardo Truss, a state prisoner proceeding pro se, appeals from the

district court's grant of summary judgment in favor of Warden Leeposey Daniels,

Warden Leon Bolling, and Captain Charles McKee (collectively, "the prison defendants") in his 42 U.S.C. § 1983 action, alleging violations of the Eighth Amendment and state-law negligence claims at Elmore Correctional Facility ("Elmore").  On appeal, Truss argues that he created a triable issue of fact as to whether the prison defendants were deliberately indifferent to the risks concerning his exposure to tuberculosis ("TB") in an overcrowded prison and the use of unsanitary hair clippers by prison barbers.  After thorough review, we affirm.

We review the district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party.  Harrison v. Culliver, 746 F.3d 1288, 1297–98 (11th Cir. 2014).  A district court should grant summary judgment where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Id.  A legal claim or argument that is not briefed on appeal is deemed abandoned.  Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The Supreme Court has held that a prison official's deliberate indifference to a prisoner's serious medical needs constitutes the type of cruel and unusual punishment proscribed by the Eighth Amendment.  Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1995)).  To survive summary judgment on a deliberate-

2

indifference claim, a plaintiff is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). As for the first element, whether a particular condition of confinement results in a "substantial risk of serious harm" is assessed under an objective standard and requires a showing of extreme conditions that pose an unreasonable risk of serious injury to an inmate's future health or safety. Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016).

As for the second element, we've explained that deliberate indifference has the following components: (1) subjective knowledge of an objective risk of serious harm; (2) a disregard of that risk; (3) by conduct that is more than mere negligence. Farrow, 320 F.3d at 1245. The existence of a policy may constitute evidence that prison officials were not deliberately indifferent to the risks posed by exposure to TB. Helling v. McKinney, 509 U.S. 25, 35–37 (1993). Deliberate indifference is medical care that is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

Here, the district court did not err in granting summary judgment in favor of the prison defendants.[1]  As for his first claim concerning TB, accepting that Truss's exposure to TB constitutes a "substantial risk of serious harm," we can find no dispute of fact indicating that the prison defendants were deliberately indifferent to that risk.  Hale, 50 F.3d at 1582.  We accept that there is ample evidence in the record that the prison defendants were aware of the risks associated with TB -- and the particular prevalence of those risks in an admittedly overcrowded prison dorm. Truss submitted sworn responses to the prison defendants' special reports and submitted several other inmates' affidavits, all of which claimed that the prison defendants were aware of the TB outbreak.  Truss also points to statements from the prison defendants' own affidavits in which they acknowledged that they were aware of the TB outbreak.

However, Truss has failed to produce any evidence that the prison defendants disregarded the risks associated with TB in an overcrowded prison. The undisputed record shows that Elmore Correctional Facility had policies in place mandating: (1) TB testing upon an inmate's initial intake screening; (2) periodic TB testing thereafter; (3) an investigation about with whom an inmate diagnosed with active TB has been in contact; (4) isolation of inmates with active

---

[1] As an initial matter, because Truss did not make any reference in his brief on appeal to his negligence claims or his generic Eighth Amendment claims concerning the manner in which he received his TB medication and the lack of an on-site healthcare facility, he has abandoned those issues on appeal.  Access Now, 385 F.3d at 1330.

4

TB; and (5) the administration of INH (prophylactic TB medication) for nine months for an inmate who receives a positive TB test result to prevent active TB from developing.  As the Supreme Court recognized in Helling, 509 U.S. at 35–37, the existence of reasonable policies like these constitutes evidence that the prison defendants were not deliberately indifferent to the risks posed by an inmate's exposure to TB.  Moreover, the undisputed record shows that these procedures were followed at Elmore for two inmates who were diagnosed with active TB, and for Truss when he was diagnosed with latent TB.

Despite this undisputed evidence, Truss has not put forth evidence to show that the prison defendants failed to comply with the established procedures for diagnosing and preventing TB or that those procedures were constitutionally inadequate.  Rogers, 792 F.2d at 1058.   Instead, the sworn statements he relies on claim that prison officials failed to separate inmates who had been exposed to TB (as opposed to those who had been diagnosed with active TB), limited their access to fresh air inside the overcrowded dorms, and did not allow face masks.  But these statements do not show that Elmore did not follow its procedures for dealing with TB; notably, for example, they do not say that inmates with active TB were housed with the other inmates.  Nor do the statements indicate that Elmore's procedures were inadequate.  Instead, in relying on these statements, Truss merely quibbles with the sufficiency of the procedures or the way in which they were implemented

5

in this case. But this does not mean he has shown a dispute of fact about deliberate indifference -- one that would require him to show that the care he received in response to the TB exposure was "so grossly incompetent, inadequate, or excessive as to shock the conscience." Rogers, 792 F.2d at 1058.

Truss also claims that the overcrowding of the prison demonstrated the prison defendants' deliberate indifference. It is true that the prison defendants acknowledged that the prison was overcrowded and that this could make it more difficult to contain an outbreak of TB. However, as we've detailed, Elmore had policies in place for preventing and treating TB -- by separating inmates with active cases and investigating with whom they had been in contact, initially screening inmates for TB and periodically testing them thereafter, and administering INH for nine months for any inmates who tested positive for TB, even if it was not active. Truss has not shown a dispute of fact indicating that the prison defendants were indifferent to the risks associated with overcrowding, at least not to an extent that was "so grossly incompetent, inadequate, or excessive as to shock the conscience." Id.

As for Truss's second deliberate-indifference claim regarding Elmore's alleged use of unsanitary hair clippers, he failed to show either a substantial risk of serious harm or the defendant's deliberate indifference. To show a substantial risk of serious harm, Truss argues that the use of unsanitary clippers could lead to

6

infection and the spread of disease. But, importantly, he failed to point to any evidence that any harm had resulted or was likely to result. He therefore did not show that he was subjected to objectively extreme conditions that posed an unreasonable threat of serious harm to his health. Lane, 835 F.3d at 1307.

But even assuming the risks associated with unsanitary clippers would constitute a substantial risk of serious harm, he failed to show either that the prison defendants were subjectively aware of such risk or that they disregarded it. Farrow, 320 F.3d at 1245. The record shows that: (1) the prison barber shop used clippercide and barbercide to prevent the spread of disease; (2) the tools used in the barber shop were disinfected daily by the inmate barbers; (3) there were "Institution Barber Shop and Beauty Salon Guidelines" in place and weekly inspections were conducted to ensure compliance; and (4) there was a training program in place for the inmates hired to work in the barber shop. The existence of the barber shop guidelines, which specifically required scrupulous cleaning of all instruments after use, constitutes evidence that the prison defendants were not deliberately indifferent or any risks associated with unsanitary clippers. See Helling, 509 U.S. at 35–37.

Truss points to the affidavits of various other inmates who stated that they have never seen the inmate barbers sanitize the clippers. While this may create a factual issue as to whether the procedures that were in place were dutifully

7

followed, it does not indicate that the prison defendants were subjectively aware that this was occurring.  Rather, the undisputed evidence established that the prison defendants were unaware of any improper sanitation of barbering tools.  Truss therefore failed to show any dispute of fact concerning the defendant's subjective knowledge of the purported risk of serious harm he identified.  Farrow, 320 F.3d at 1245.  Accordingly, because Truss failed to produce evidence that would create a triable question of fact as to whether the prison defendants were deliberately indifferent to a substantial risk of serious harm, the district court did not err in granting summary judgment.  Harrison, 746 F.3d at 1297–98.

**AFFIRMED**.